# MEMORANDUM

**DATE:**   November 15, 2004

**TO:**   Deputy Clerk
Miscellaneous Business Docket

**FROM:**   Joanne L. Albano
Financial Litigation Unit
U.S. Attorney's Office

**RE:**   <u>U.S. v. Reggie Wong</u>
Criminal No. 1:96-cr-47-1-FMH

    Attached is a certified copy of the above Judgment that was entered in Northern District of Georgia..

    Please register the Judgment in this district; issue an MBD Number; annotate the MBD number on the bottom of this form; and return this form to my attention. The judgment debtor presently resides at 887 Dedham Street, Newton, MA 02159.

    Please note that pursuant to 28 U.S.C. § 1963, the United States no longer has to file a CIV 101 with its request to register a judgment; we just need to file a certified and attested copy of the judgment.

    If you have any questions, please contact me at (617) 748-3306. Thank you for your attention to this matter.

Attachment

**MBD No.** 04-mc-10338

**Dated:** _____

UNITED STATES DISTRICT COURT
Northern District of Georgia

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case Number: 1:96-cr-47-1-FMH |
| REGGIE WONG | |
| Defendant. | ATTEST: A TRUE COPY CERTIFIED THIS |
| | Luther D. Thomas, Clerk |

IN PROMIS
USAO 96-00229 A
DATE 9-12-96
INITIALS

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, REGGIE WONG, was represented by Robert Botts and Robert Sheketoff.

The defendant pled guilty to count 1. Accordingly, the defendant is adjudged guilty of such count involving the following offense:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1956(a)(3)(B) | Money Laundering | 1 |

As pronounced on September 5, 1996, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 6th day of September, 1996.

Frank M. Hull
United States District Judge

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 05/08/42
Defendant's address: 887 Dedham Street, Newton, Massachusetts 02159

XR FA

Defendant: REGGIE WONG
Case Number: 1:96-cr-47-1-FMH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty-three (33) months on Count 1.

The Court makes the following recommendations to the Bureau of Prisons: That the place of incarceration be the Federal Prison Camp at Allenwood, Pennsylvania. During confinement the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program and contribute fifty per cent (50%) of his earning toward restitution.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons in 60 days, but no later than November 5, 1996.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy United States Marshal

Defendant: REGGIE WONG
Case Number: 1:96-cr-47-1-FMH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three ( years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; sh: not illegally possess a controlled substance; shall comply with the standard conditions that have been adopte by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probatic office in which the defendant is released within 72 hours of release from the custody of the Bureau Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a conditic of supervised release that the defendant pay any such fine, assessments, costs, and restitution th remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own, possess, or have under his control any firearm or other dangerous weapo

4. The defendant shall pay the balance of any financial penalty that is imposed by this judgment, and th remains unpaid at the commencement of the term of supervised release, on terms and conditions s by the Court in this Judgment.

5. The defendant shall make a full and complete disclosure of his finances and submit to an audit of h financial documents, at the request of the United States Probation Officer.

6. The defendant shall not incur new credit charges or open additional lines of credit without the writte approval of the probation officer.

7. The defendant shall submit to a search of his person, property, residence and/or vehicle at the reque: of the United States Probation Officer.

8. The Court orders the criminal forfeiture of the unpaid principal of the defendant's loan from tl cooperating witness in the amount of $29,940.00. Any payments by the defendant will be offs( against the amounts due on both the Restitution Judgment as well as the Forfeiture Judgment. Tl Court waives the interest due on the unpaid principal.

Defendant: REGGIE WONG
Case Number: 1:96-cr-47-1-FMH

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 10/90)(N.D.Ga. rev.) Sheet 6 - Restitution and Forfeiture

Case 1:04-mc-10338  Document 1  Filed 11/16/2004  Page 6 of 8

Judgment—Page 5 of

Defendant: REGGIE WONG
Case Number: 1:96-cr-47-1-FMH

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| The Federal Bureau of Investigation<br>RE: Operation Highbind<br>2635 Century Plaza Suite 400<br>Atlanta, Georgia 30345 | $29,940.00 |

Payments of restitution are to be made to Clerk, U. S. District Court, Northern District of Georgia, 221 U. S. Courthouse, 75 Spring Street, Atlanta Georgia 30335.

Restitution shall be paid in monthly installments in the amount of $300.00 on the first of each month beginning 30 days after release from imprisonment.

BK 30017 PG 346

DEPARTMENT OF JUSTICE
NOTICE OF LIEN FOR FINE/RESTITUTION
IMPOSED PURSUANT TO THE
SENTENCING REFORM ACT OF 1984

United States Attorneys Office for              Serial Number
Northern District of Georgia                    9600229-003

Notice is hereby given of a lien against the property of the defendant named below. Pursuant to Title 18, United States Code, Section 3613(a), a fine imposed pursuant to the provision of subchapter c of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined. Pursuant to §3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to §3613(b).

Name of Defendant:  Reggie Wong

Residence:
            887 DEDHAM ST.
            NEWTON, MA  02159

Amount:           $29,940.00

Court Imposing Judgment: Northern District of Georgia

Court Number:  196CR047

Date of Judgment:   September 5, 1996

Date of Entry of Judgment:    September 6, 1996

Rate of Interest When Payment is Deferred by Court:    0%

If payment becomes past due, possible penalties totaling 25 percent of the principal amount past due may arise.  18 U.S.C. §3612(g).

**IMPORTANT RELEASE INFORMATION**--With respect to the lien listed above, this notice as a certificate of release pursuant to 18 U.S.C. §3613(b) on September 6, 2016.

**Place of Filing.**
This notice was prepared and signed at Atlanta, Georgia on this, March 23, 1999.

                                                Title: RICHARD H. DEANE, JR.
                                                UNITED STATES ATTORNEY

United States Attorneys Office
Suite 1800 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30335                          By: DANIEL A. CALDWELL
404-581-6350                                    ASSISTANT U.S. ATTORNEY

# UNITED STATES DEPARTMENT OF JUSTICE
# REPAYMENT AGREEMENT



To:  Mr. Reggie Wong  
     887 Dedham Street.  
     Newton, Massachusetts  02459

Date:  November 26, 2003

The following are the terms and conditions of your repayment agreement:

    **YOU ARE TO** make a payment once a month of at least $300.00 beginning January 1, 2004. This agreement will remain in effect until December 1, 2004 or until a new Repayment Agreement is entered into. This amount is based upon financial information provided by you to the U.S. Attorney's Office under the assumption that the information that you provided is truthful.

    **YOU ARE TO** make payment in the form of a cashier's check or a Postal money order made payable to the U.S. District Clerk of Court and mail it to 2211 U.S. Courthouse, Atlanta, Georgia, 30303.

    **YOU ARE TO** provide a new financial statement, tax returns, or any other financial information at the request of the Office of the United States Attorney.

    **THE UNITED STATES** reserves the right to revoke this agreement if you fail to fully comply with these terms and conditions. Nothing in this agreement is to be construed as binding upon any other agency or entity of the United States.

    **THE UNITED STATES** agrees not to take any type of action to enforce its judgment as long as you maintain the payments established in this agreement. Notwithstanding the foregoing, the United States will be allowed to take any action it deems appropriate to enforce the full amount of the judgment in the event you miss, are delinquent or are in default in making any installment payment provided in this agreement.

    This agreement only constitutes a partial plan of repayment. The entire amount of the indebtedness plus interest remains due and payable.

    **THE TERMS OF THIS REPAYMENT AGREEMENT ARE HEREBY ACCEPTED.**

_12/1/03_  
Date

_Reggie Wong_  
Reggie Wong

_____  
Date

_____  
Cynthia A. Wild  
Financial Litigation Agent

Office of United States Attorney  
Northern District of Georgia  
600 Richard Russell Building  
75 Spring Street, S.W.  
Atlanta, Georgia  30303  
Phone (404)-581-6350  
Fax (404)-581-6167